ANDREW PFIRRMAN, Plaintiff in Error, *v.* DAVID KOCH ET AL., Defendants in Error.

K. and F., partners, dissolved, F. buying out K.'s interest, giving his note therefor. F. insured, and a loss by fire occurred. The firm at the time, without the knowledge of either, was insovent. Judgment against F. was recovered on the note, and a lien obtained on the insurance money, when the judgment was assigned in payment of K.'s individual debts. The plaintiff, a firm creditor, afterward claimed to subject the same fund.

*Held,* That the firm creditors had no lien on the firm property to prevent a valid sale thereof.

That such a valid sale might, *bona fide,* take place as between partners as well as to strangers.

That the purchase and sale as between F. and K. was not a fraud on firm creditors.

That K.'s judgment was entitled to be satisfied from F.'s assets in its order of priority, and that the assignees had a better equity than the plaintiff.

This was a proceeding in error on the part of the plaint-
iff below, to reverse a decree of the court in Special Term,
rendered in favor of some of the defendants.

The whole case is fully stated in the opinion.

*Forrest & Lindemann,* for plaintiff in error.

*Shonter & Smith,* contra.

HAGANS, J.   Koch & Freiderich were in partnership in
the liquor business.   Neither of the parties were aware of
the fact that the partnership was actually insolvent, when
Koch sold out his interest in the firm to his copartner,
Freiderich, for $1,000, who gave his note therefor.   Frei-
derich took all the property, and assumed all the firm lia-
bilities, and also insured the property, after his purchase,
in his own name.   The note was not paid when due, and
Koch brought suit on it against Freiderich, and obtained
judgment.   In the meantime Freiderich, who was still car-
rying on the business, was burned out, and the loss was
adjusted with the insurance companies.   Koch instituted
proceedings, in aid of execution, on his judgment against
Freiderich, in the Probate Court, served process on Frei-
derich and the insurance companies, and sought to subject
the funds in their hands to the payment of his judgment.
While the proceeding in the Probate Court was pending,
Koch, in good faith, assigned part of the judgment to
Anthony Shonter, part to Hauck & Windisch, and the res-
idue to Philomena Arndt, in satisfaction of his individual
indebtedness to them, of which assignments the insurance
companies were notified.   Some of the creditors of the
firm of Koch & Freiderich afterward brought suit in the
Court of Common Pleas on judgments obtained by them
against Koch & Freiderich, in which they sought to subject
the same funds in the hands of the insurance companies to
the payment of the judgments, and enjoined further pro-
ceedings by Koch in the Probate Court.   The plaintiff in
this action, who held a judgment against Koch & Freider-

ich, was not a party to any of these proceedings, and six months afterward brought this suit in this court, making all the parties in the cause pending in the Court of Common Pleas parties here, and alleged that the sale of Koch's interest in the firm to Freiderich was a fraud; that the indebtedness of $1,000, the consideration of said sale, was fraudulent and void, as against the creditors of the firm, because the interest sold was, in fact, worthless, the firm being insolvent at the time, of which the plaintiff was then personally cognizant, and asks that the liens on the funds in the hands of the insurance companies be marshaled, and that his judgment be paid therefrom.

In the meantime, after this suit was brought, the cause pending in the Court of Common Pleas was tried, and that court adjudged the funds to belong to the partnership creditors, in the order of priority, but also gave effect to the said judgment, obtained by Koch against Freiderich, and decreed that the assignees thereof be paid out of the funds, in their order of priority. That decree was not carried into effect, so far as the assignees of the Koch jugdment are concerned, by common consent. These assignees have filed their answers here, not only setting up the decree in that case in bar to this suit, but denying plaintiff's right to recover at all as against them.

The plaintiff now claims that the goods burned were substantially firm property, though the testimony shows no satisfactory identity of the property sold by Koch to Freiderich with those insured by Freiderich, and burned; and also seeks to recover out of the funds enough to satisfy his judgment against the firm. Koch was insolvent when this suit was brought, and is still insolvent; and Freiderich has since died, and his estate is also insolvent.

We have not considered the effect of the decree rendered in the Court of Common Pleas during the pendency of this suit, preferring rather to consider this case upon its merits.

It is a familiar principle of the law that fraud vitiates

all contracts. If this sale of Koch to Freiderich were fraudu-
lent, as against the firm creditors, such funds as those that
appear here might be reached by the application of equitable
principles in a proper case. No actual fraud was com-
mitted by either of the parties at the time of the sale, which
seems to have been *bona fide*. Indeed, so far as the testi-
mony shows, it is questionable whether the firm was really
insolvent at the time of the sale, though, for the purposes
of the case, it may be said to have been so in the popular
sense of the term. It does not necessarily follow that the
interest in the stock of goods was the only consideration
of the note. Both the partners agreed at the time that
Freiderich should buy out Koch at the price of $1,000.
Freiderich made no resistance to the recovery of the judg-
ment on his note for the purchase money, nor did he in
his lifetime, nor has his administrator since his death made
any objection, either to the payment of the judgment or
the assignment by Koch of the same to the payment of
his individual creditors.

Was there any reason, under the circumstances, why one
partner might not sell out to the other in good faith? We
think not. It was entirely competent, upon the dissolu-
tion of the firm, that the members of it should agree, for
a valuable consideration, that the partnership property
should belong to one of them; and thereby the whole
property will be vested in such partner, wholly free from
the claims of the firm creditors. These creditors had no
lien on the partnership property for their debts, but only
an equity, to be worked out through the partners, to insist
upon its application thereto. Story on Partnership, sec. 358
*et seq.; Wilcox et al.* v. *Kellogg et al.*, 11 Ohio, 394; *Belknap*
v. *Cram et al.*, 11 Ohio, 411.

Clearly, therefore, the property vested in Koch abso-
lutely, who insured it in his own name. No lien on the
property, on the part of any firm creditor, admitting that
they were the goods of the former partnership that were
destroyed, and that the insurance money was really

the firm's, was had until after Koch had seized the funds in the hands of the insurance companies (*Bank of Rochester* v. *Bank of Sandusky*, 6 Ohio St. 254), and had actually transferred the judgment to the defendant in satisfaction of his individual debts, to which Freiderich may be held to have assented, as he did not then or at any subsequent time resist. And this transfer would be good, both in law and equity, though the assignees of the judgment knew the parties were insolvent. *Sigler* v. *The Knox Co. Bank*, 8 Ohio St. 511; *Gwin, Reed & Taylor* v. *Selby et al.*, 5 Ohio St. 97.

It is argued that the plaintiff has a prior or better equity than the defendants. We have seen that the sale vested the title to the property in Freiderich; that the funds in the hands of the insurance companies were his, and not those of the firm, and that the firm creditors had no lien upon it. How, then, can the plaintiff claim any prior or better equity? If he seeks to subject these funds as the funds of Freiderich, Koch had seized them by his proceedings in aid of execution, and the plaintiff made no effort to do so until six months afterward. If he seeks to subject these funds as the funds of Koch, Koch had assigned to the defendants long prior to the service of process in this case. The equity of the assignees of the judgment, in any view we can take of this cause, is prior and better than that of the plaintiff.

The judgment will be affirmed.